IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

FRENCHMAN VALLEY CO-OP V. DEUEL CTY. BD. OF COMRS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

FRENCHMAN VALLEY COOPERATIVE, INC.,
A NEBRASKA CORPORATION, APPELLANT,

V.

THE DEUEL COUNTY BOARD OF COMMISSIONERS AND
THE COUNTY OF DEUEL, NEBRASKA, APPELLEES.

Filed October 6, 2020.    No. A-19-1098.

Appeal from the District Court for Deuel County: DEREK C. WEIMER, Judge. Affirmed.

Thomas E. Jeffers, Andrew C. Pease, and Jay S. Linton, of Crosby Guenzel, L.L.P., for appellant.

Thomas J. Freeman, of Governmental Law, L.L.C., for appellees.

MOORE, Chief Judge, and BISHOP and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

Frenchman Valley Cooperative, Inc. (Frenchman Valley) sought a refund from Deuel County, Nebraska, of a portion of its 2017 personal property taxes, claiming the taxes were paid as the result of an "honest mistake or misunderstanding" and asserting a right to bring the claim pursuant to Neb. Rev. Stat. § 77-1734.01(2) (Reissue 2018). The Deuel County Board of Commissioners (County Board) denied the refund and Frenchman Valley filed a petition in error with the Deuel County District Court. The district court determined the petition in error was untimely filed and dismissed the action. Frenchman Valley appealed. For the reasons contained herein, we affirm.

- 1 -

STATEMENT OF FACTS

Frenchman Valley operates a commercial fertilizer facility in Deuel County and owns personal property including four welded fertilizer tanks. Frenchman Valley filed a 2017 Nebraska personal property tax return and paid taxes on the four welded fertilizer tanks at their assessed value without protest, but in a letter dated October 3, 2018, Frenchman Valley notified the Deuel County Treasurer of its request for a tax refund. In that letter, Frenchman Valley argued that the county assessor made an honest mistake that led to an overassessment and overpayment for the 2017 tax year. In connection therewith, Frenchman Valley argued that it had a right to request a refund under § 77-1734.01(2). In response to the refund request, the Deuel County Assessor issued a response to the County Board dated October 16, 2018, in which the assessor recommended denying the 2017 tax refund claim. Following these submittals, the County Board set Frenchman Valley's refund claim as an agenda item to be heard during the October 16 County Board meeting.

The County Board's October 16, 2018, meeting minutes indicated Frenchman Valley's CEO was present for the meeting but that no action would be taken until the county attorney had reviewed the documents and the statutes related to the matter. The minutes for the November 6 County Board meeting reflect that the County Board voted to deny Frenchman Valley's 2017 tax refund claims. One week later, the county attorney sent a letter dated November 13, 2018, to Frenchman Valley explaining that the County Board met on November 6 and voted to deny Frenchman Valley's request for a refund. The letter explained that the matter was not a result of a clerical error, honest mistake, or misunderstanding, but instead stemmed from Frenchman Valley's improvements made on the property in 2013 without submitting a building permit to Deuel County. The letter indicated that the structure was not discovered until a commercial appraiser assessed commercial properties in Deuel County in late 2016 which resulted in Deuel County issuing a change valuation notice in June 2017 assessing the value of the property at issue in response to which Frenchman Valley did not file a protest.

On December 12, 2018, Frenchman Valley filed a petition in error with the Deuel County District Court requesting that the court reverse the County Board's decision to deny Frenchman Valley's refund claim, or in the alternative, for the court to remand the matter back to the County Board to hold a hearing and allow Frenchman Valley an opportunity to be heard and to offer evidence. In January 2019, Deuel County and the County Board filed a motion to dismiss Frenchman Valley's petition in error. In September, the district court granted the motion to dismiss, finding the County Board's decision was final and effective on October 23, 2018, and that Frenchman Valley's December 12 filing of its petition in error was untimely.

Subsequently, Frenchman Valley filed a motion to alter or amend the judgment asking the district court to correct inaccurate factual findings, which the district court did in its October amended memorandum and order. The district court found that the County Board issued a "final" decision on November 6, 2018, and that Frenchman Valley received notice of the decision on November 13. Ultimately, the district court applied the 30-day timeframe for appealing a final order under Neb. Rev. Stat. § 25-1931 (Reissue 2016) to the facts and found Frenchman Valley did not timely file a petition in error regarding the County Board's final order. Frenchman Valley timely appeals the district court's order.

ASSIGNMENTS OF ERROR

Frenchman Valley argues the district court erred in finding that (1) the County Board's November 6, 2018, decision was a final order and in dismissing Frenchman Valley's petition in error, and (2) the County Board did not have to provide Frenchman Valley a hearing to present evidence in support of its refund claim.

STANDARD OF REVIEW

Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Loyd v. Family Dollar Stores of Neb.*, 304 Neb. 883, 937 N.W.2d 487 (2020). A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides. *Id*.

ANALYSIS

The crux of the district court's order is that the district court lacked subject matter jurisdiction due to Frenchman Valley's failure to file its petition in error within 30 days of the County Board's November 6, 2018, order. The basis for the district court's reasoning was well-articulated by the Nebraska Supreme Court in *Schaffer v. Cass County*, 290 Neb. 892, 896, 863 N.W.2d 143, 146 (2015):

> Under § 25-1901, a "judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court." We have treated sheriff's merit commissions as tribunals under § 25-1901. Such appeal under § 25-1901 "shall be commenced within thirty days after the *rendition of the judgment or making of the final order complained of.*" A failure to file an appeal within 30 days of the judgment or final order deprives the district court of jurisdiction to hear the appeal. The issue is *when* the "rendition of the judgment" occurred.
>
> In contrast to the written notation or order required when appealing from a district court decision, we have interpreted a "judgment rendered" by an inferior tribunal within Neb. Rev. Stat. §§ 25-1901 through 25-1931 (Reissue 2008) to be an oral announcement of the decision or a pronounced vote at a hearing. We have said that when the decision is pronounced by an inferior tribunal under § 25-1901, then, for purposes of appeal, only an oral pronouncement is necessary, and not the entry of the final decision or vote on the record.

Applying this rationale, the district court found as follows:

> The Court then looks to the more general provisions of the law found in Neb. Rev. Stat. §§ 25-1901 and 25-1931 and finds that the Board's decision was "final" when it was made at the Board meeting on November 6, 2018. See *Schaffer v. Cass* [*County*], 290 Neb. 892, 863 N.W.2d 143 (2015). [Frenchman Valley] received notice of the decision on November 13, 2018[,] by way of a letter from the Deuel County Attorney. The issue then becomes on what date does the appeal time commence: the date of the decision (11/6/18) or the date of the notice to [Frenchman Valley] of the decision (11/13/18)? Neb. Rev. Stat. § 25-1931

establishes that "[p]roceedings under section 25-1901 for reversing, vacating, or modifying judgments or final orders shall be commenced within thirty days after the rendition of the judgment or making of the final order. . ." Pursuant to Neb. Rev. Stat. § 25-1931, [Frenchman Valley] should have filed its Petition in Error within thirty days of the Board's decision of November 6, 2018[,] which would have been on or before December 6, 2018. The Petition in Error in this matter was filed on December 12, 2018. This is well after the thirty day timeframe had run. The Petition in Error, therefore, was not timely filed to perfect an appeal of the Board's decision.

(Emphasis and citations omitted.)

Although Frenchman Valley argued to the district court that the final order should be construed to have been entered on November 13, 2018, not November 6, Frenchman Valley appears to have conceded that argument on appeal by failing to assign and argue the bases for the district court's error. Instead, Frenchman Valley argues that, because Frenchman Valley was not provided a hearing on November 6 prior to the County Board's vote, "Frenchman Valley was not afforded the opportunity to be heard and offer evidence or argument in support of its claim. As a matter of law, the complete lack of due process afforded to Frenchman Valley on its refund claim renders the decision of the County Board on November 6, 2018, void." Brief for appellant at 16.

But as the Nebraska Supreme Court recently held in *State v. Harris*, 307 Neb. 237, 249, ___ N.W.2d ___, ___ (2020), "Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it." And, in making that determination, an appellate court first "must assess whether the [party's] direct appeal from the [final] order was timely perfected."*Id.* at 259, ___ N.W.2d at ___. In *Harris*, before examining whether an order of the district court was void for lack of jurisdiction, the Nebraska Supreme Court first analyzed whether the appeal from the alleged defective order was properly and timely perfected, and then only analyzed the nature of the order once the court determined the appeal from that order was properly perfected.

Here, Frenchman Valley does not contest that the district court erred in finding that it failed to appeal within 30 days of the November 6, 2018, vote which the district court found to be the date the County Board issued a final order. Instead, Frenchman Valley argues that the County Board's order itself was a nullity and therefore the timing of the appeal is lacking in consequence. But, as in *Harris*, in order for the district court to examine the validity of the County Board order, it was first required to determine whether Frenchman Valley's appeal from that order was properly perfected. The district court found that Frenchman Valley's appeal was not properly perfected and rather than assigning error to that specific finding, Frenchman Valley asks this court to reach the issue of the validity of the County Board's order. However, because Frenchman Valley failed to timely perfect an appeal from that order, both the district court and this court lack jurisdiction over Frenchman Valley's claim.

Stated differently, as a result of Frenchman Valley's failure to file its petition within 30 days of the County Board's November 6, 2018, vote which would otherwise constitute a final appealable order subject to review, the district court never acquired jurisdiction to review Frenchman Valley's claim that the County Board's order was invalid and void. When a lower court does not gain jurisdiction over the case before it, an appellate court also lacks the jurisdiction to

- 4 -

review the merits of the claim. *Hawley v. Skradski*, 304 Neb. 488, 935 N.W.2d 212 (2019). Accordingly, because the district court and this court lack jurisdiction over this matter due to Frenchman Valley's failure to timely perfect its direct appeal, neither the district court nor this court have jurisdiction to review the merits of Frenchman Valley's two specific assignments of error.

CONCLUSION

Having found that the district court properly determined that Frenchman Valley failed to timely perfect its appeal from the County Board's decision, we affirm the court's order dismissing Frenchman Valley's petition in error for lack of jurisdiction.

AFFIRMED.